UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TERENCE HENDERSON,

               Plaintiff,

-against-

DEPT. OF THE ARMY; GERMANY; NATO;

               Defendants.

24-CV-6641 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated September 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff filed this complaint naming the United States Department of the Army, Germany, and NATO, and invoking the Thirteenth and Fourteenth Amendments to the United States Constitution, "Art 121 UCMJ larceny and wrongful appropriation UCMJ Article 132 discrimination." (ECF 1 ¶ IA.) The underlying events occurred in 1988 and 1990. (*Id.* ¶ III.) Attachments to the complaint include documents related to Plaintiff's military service and his birth certificate.[1] (*Id.* at 10-25.) Plaintiff seeks payment of benefits from the Department of Veterans Affairs ("VA"): "Brave Riles – earmarked 1/25/88 Howitzer Battery 1st Squadron 3 (ACR) Ft. Bliss White Glove Service 2 Billion Dollars." (*Id.* ¶ IV.)

## DISCUSSION

To the extent Plaintiff seeks review of benefits he believes he is owed stemming from his military service, the Court must dismiss Plaintiff's claims because the Court lacks subject matter jurisdiction of this matter. In 1988, Congress enacted the Veterans' Judicial Review Act ("VJRA"), establishing judicial review procedures for veterans' benefits determinations. *See* VJRA, Pub. L. No. 100-687, 102 Stat. 4105, 4113 4121 (1988) (codified in 38 U.S.C.), *as amended*; *see Henderson ex rel. Henderson v. Shinkseki*, 562 U.S. 428, 432 (2011); *Larrabee by Jones v. Derwinski*, 968 F.2d 1497, 1501 (2d Cir. 1992). Under the VJRA, the benefits determinations of the Secretary of Veterans Affairs may be appealed to the Board of Veterans' Appeals, whose decisions may be appealed to the United States Court of Appeals for Veterans

---

[1] Plaintiff complaint includes documents containing private data. Federal Rule of Civil Procedure 5.2(a) requires that a litigant redact references to such information in court filings, but Fed. R. Civ. P. 5.2(h) provides that "[a] person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." In light of Plaintiff's *pro se* status, the Court directed the Clerk of Court to place Plaintiff's original complaint in "party-view only" status in the Court's CM/ECF database.

Claims, and then to the United States Court of Appeals for the Federal Circuit. *See* 38 U.S.C. §§ 7104, 7252, 7292. This review structure excludes federal district courts from reviewing disputes involving veteran's benefits. *See* 38 U.S.C. § 511; *Capezza v. Brown*, 159 F.3d 1345 (2d Cir. 1998) (table decision); *Larrabee by Jones*, 968 F.2d at 1501 ("Although district courts continue to have 'jurisdiction to hear *facial* challenges of legislation affecting veterans' benefits,' other constitutional and statutory claims must be pursued within the appellate mill Congress established in the VJRA.") (italics in original, citation omitted); *Kramer v. Shulkin*, No. 16-CV-6174 (WHP), 2017 WL 4350322, at *1 (S.D.N.Y. May 19, 2017); *Philippeaux v. United States*, No. 10-CV-6143 (NRB), 2011 WL 4472064, at *5 (S.D.N.Y. Sept. 27, 2011). In short, the VJRA divests federal district courts of jurisdiction to review claims regarding the provision of veterans' benefits. *See Veterans for Common Sense v. Shinseki,* 678 F.3d 1013, 1023 (9th Cir. 2012) ("In general, review of decisions made in the context of an individual veteran's VA benefits proceedings are beyond the jurisdiction of federal courts outside the review scheme established by the VJRA.").

Here, Plaintiff appears to challenge a VA decision concerning his entitlement to veterans' benefits. To do so, however, he must follow the procedures laid out in the VJRA. Because this system of review excludes the federal district courts, Plaintiff's claims are dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").[2]

---

[2] Plaintiff filed a complaint against the Department of Veterans Affairs asserting similar claims to those set forth here. *See Henderson v. Dep't of Veterans Affairs*, No. 24-CV-5016 (LTS) (S.D.N.Y. Jan. 2, 2025) (dismissing complaint for lack of subject matter jurisdiction).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   February 14, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                         Chief United States District Judge